## SUPREME COURT.

EBENEZER S. WILLIAMS, respondent, agt. FRANKLIN K.
FRAZIER, appellant.

Where sheep were let by the plaintiff to the defendant, by an agreement in writing,
for two years, on certain terms and were to be returned in the same condition as
when let, and they were returned by the defendant at the time specified (Decem-
ber 1st, 1868), and the plaintiff inquired of the defendant if they had been with a
buck, the defendant represented that they had not, and plaintiff thereupon
delivered up the contract and accepted the sheep.

The sheep had, as the proof showed, been with a buck at an improper season,
and commenced dropping their lambs during the winter, and a number of the
lambs died in consequence, of being dropped in cold weather.

To establish a *measure of damages*, the plaintiff put the question, "What were these
sheep worth less by reason of their dropping their lambs earlier than if in proper
season ?" The question was objected to as incompetent, and not the legal and
proper measure of damages. The objection was overruled, and the witnesses
answered, $2 75 each.

This depreciation in value was founded solely, as appeared from their testimony,
upon their estimate of the value of lambs in August and September afterwards, as
sold to the butchers :

*Held*, that this evidence was clearly incompetent on the subject of damages. It
furnished no foundation for estimating damages on account of the breach of the
contract which was claimed. It is altogether too remote, fanciful and specula-
tive to form a standard for estimating damages. It does not touch the diminished
value of the animals themselves, but only the increased value of their progeny.

The true criterion, if there was a breach ,was, what the animals were worth less at
the time for sale in the market, with their true condition known to the pur-
chaser :

*Held*, also that there was *no breach* of the contract by the defendant. The defend-
ant proved, and it was uncontradicted by the plaintiff, that the sheep when he
took them of the plaintiff were in the same condition in regard to their pregnancy,
as those he returned, and began to drop their lambs in January, and dropped
them in February and March. And the contract was that the sheep were to be
returned in the same condition as when taken—which they were in fact.

*Fourth Department, General Term, November,* 1870.
*Before* MULLIN, TALCOTT *and* JOHNSON, *JJ.*

THIS action was brought in a justice's court, to recover
damages for an alleged breach of warranty in a contract
for the letting of a number of sheep.

Williams agt. Frazier.

December 20, 1866, plaintiff loaned to defendant a number of sheep to be returned at the end of two years, in as good condition in all respects as when received, and for the use of which he was to receive from defendant 1lb. 6oz. of wool, per head, each year.

The contract was in writing, and at the expiration of the time, the defendant surrendered the sheep, and plaintiff accepted them, and delivered up the contract. At the time the sheep were returned, the plaintiff asked defendant if they had been with a buck, the defendant represented that they had not, and plaintiff relying on that representation, delivered up the contract and accepted the sheep. The sheep had as the proof showed, been with a buck at an improper season, and commenced dropping their lambs during the winter, and a number of the lambs died in consequence of being dropped in cold weather. To establish a measure of damages, the plaintiff put the following question, "What were these sheep worth less by reason of their dropping their lambs earlier than if in proper season?" This question was objected to as incompetent, and not the legal and proper measure of damages. The objection was overruled and the witness answered $2 75 each.

The justice rendered a judgment against the defendant for $21 28, damages besides costs.

The defendant appealed to the county court of Jefferson county, from the judgment of the justice, which court having affirmed said judgment, the defendant appealed to this court.

MOORE & McCARTIN, *for appellant.*

I. The plaintiff was the first witness sworn on the question of damages, when the following question was propounded to him, "What were these sheep worth less by reason of their dropping their lambs earlier than if in proper season?"

1st. This question was objected to as incompetent and not the legal or proper measure of damages. The court overruled the objection, and held the evidence competent. This ruling was clearly erroneous. The measure of damages in an action for breach of warranty in the sale or exchange of personal property, is the difference between the value of the property, *at the time of the sale.* Considering it as corresponding with the warranty, and its value with the defect complained of. Hence, if it can be held, that a warranty was established in this case, the damages the plaintiff was entitled to recover was the difference between the value of the sheep, considering them as corresponding with the alleged warranty, and their value with the alleged defects at the time of delivery to plaintiff, December, 1868. *Muller* agt. *Eno,* 4 *Kern,* 597 ; *Voorhees* agt. *Earl,* 2 *Hill,* 288 ; *Cary* agt. *Gruman,* 4 *Hill,* 625 ; *Comstock* agt. *Hutchinson,* 10 *Barb.,* 211 ; *Richardson* agt. *Mason,* 53 *Barb.,* 601.)

This witness on his cross-examination said, that he arrived at the damages by estimating what lambs could have been sold for in July or August, 1869, and not what sheep were worth in December, 1868, at the time the lease terminated.

2d. Ebenezer Williams, a son of plaintiff, was the next witness called, and was asked the following question : " What were these sheep worth less, dropping their lambs in February and March, than in proper season ?" This question was objected to, overruled, and the witness answered, " I think, from twenty to twenty-four shillings."

On cross-examination, he says : " My opinion of damages is predicated on what lambs are worth in July and August, and not on what sheep were worth last December."

It was clearly a speculative way of arriving at the damages, as both witnesses were estimating what lambs would sell for in July and August, 1869, and the suit was tried in June, 1869. There was no other evidence given on the trial on the subject of damages ; and thus it will be seen,

there was not a word of competent evidence on the question of damages in the case.

1st. Because the inquiry did not call for the true rule or measure of damages.

2d. It should have been confined to the time of sale.

3d. The witnesses were not shown competent.

II. The evidence in the case does not establish a contract of warranty. The plaintiff must allege the existence and terms of an implied warranty as explicitly as in case of an express warranty. This he failed to do ( *Prentice* agt. *Dike*, 6 *Duer*, 220).

The learned judge who decided the case in the court below, says in his opinion, " There is no dispute, that the rule of damages is the difference in value of the sheep, if in the condition that the defendant warranted, and their value in the condition in which they, in fact, were," and then adds, that he thinks the question asked was " tantamount to this."

The difficulty with this decision is, that it is directly in conflict with a series of decision from the case of *Voorhees* agt. *Earl*, (2 *Hill*, 288), down to the present time. And the only case cited by the learned judge, in his opinion, (53 *Barb.*, 601), holds directly the contrary of this new rule of evidence.

III. The contract being in writing, and the sheep having been returned and delivered on the day they were due by its terms, and the contract surrendered up, such delivery and surrender were an acceptance, and satisfaction of said contract, and the plaintiff cannot recover upon it.

IV. The contract was in all respects, fulfilled. The proof howed, that the sheep were returned in the same condition in regard to pregnancy as when receive from plaintiff Hence, the contract was not broken.

W. C. THOMPSON *for respondent.*

I. The ewes began dropping their lambs in February and through March, and in consequence of the inclemency of the weather the lambs were lost.

If defendant had spoken truly, the plaintiff might have refused to receive them, or could have butchered the sheep and not kept them; but he kept them on defendant's representation. The plaintiff received the sheep upon the assurance of the defendant, which assurance was false in fact; hence, there was a warranty, and breach of it.

II. The sheep began dropping their lambs three months earlier than defendant's assurance. The question, "How much less were these sheep worth by reason of dropping their lambs earlier, than if in proper season?" was equivalent to asking how much less were the sheep worth by reason of their not having been as warranted. The question was within the rule laid down by all courts on this subject.

*By the court*, JOHNSON, J.—Assuming that the contract had been broken by the defendant, as alleged, "in not returning the sheep in as good condition as when let," which seems quite doubtful upon the evidence; still the judgment cannot be sustained. The contract between the parties was in writing, and by it the sheep were to be returned on the first day of December. They were returned on that day, and the plaintiff after examining them, accepted them as a fulfilment of the contract, and surrendered the contract to the defendant. The contract had been kept by the plaintiff, and he gave it up to the defendant on the return of the sheep as satisfied. The plaintiff claims that when the sheep were returned, the defendant represented to him that no ram had had access to the ewes, when in fact they were in an advanced state of pregnancy, and that had he known their true situation in that regard, he would not have accepted them when returned, and surrendered the contract. The defect in the condition of the sheep, on account of which damages are claimed, is that they were so far advanced in

pregnancy, that they brought forth their lambs in February and March, which is an improper season, and that in consequence of the lambs coming so early, they could not be raised, but all died. The proper season is shown to be the last of April and the months of May and June. The plaintiff claimed, and by the testimony of himself and his son, sought to prove that the ewes were each worth $2 75 less than they would have been had they not dropped their lambs at this improper season. This depreciation in value was founded solely, as appears from their testimony, upon their estimate of the value of lambs in August and September afterwards, as sold to the butchers.

This evidence was objected to by the defendant when given, and he moved to strike it out after it was given, as an improper measure and basis of damages, but his objection and motion were overruled by the justice. This evidence was clearly incompetent on the subject of damages. It furnished no foundation for estimating damages, on account of the breach which was claimed. It assumes that the ewes were by the contract, to be returned in a condition to bring forth lambs at the proper season, and that the lambs when thus brought forth would all have lived, and in August and September thereafter have been in a fit condition for the butcher, and of the value of $2 75, which the plaintiff had sold his lambs for, that season. This is altogether too remote, fanciful and speculative to form a standard for estimating damages. It involves too many contingencies, and does not touch the diminished values of the animals themselves, but only the increased values of their progeny. The true criterion, if there was a breach, was what the animals were worth less at the time for sale in the market, with their true condition known to the purchaser. There was no evidence on that subject, except it was shown by the plaintiff's son, that ewes which dropped their lambs thus early were worth more the succeeding Fall to sell to the butcher than those which dropped their lambs as late as May and June. This

was also evidence tending to show that lambs dropped thus early were worth more, if raised in August and September, than if dropped in May or June.

But the plaintiff gave no evidence to show what condition the sheep were in as to pregnancy, when let to the defendant, whether they were pregnant at all, or whether they were in a condition to bring forth their lambs in February or March, or in May or June. Consequently, there was nothing on his part to show affirmatively that the sheep were when returned, in a condition different from the condition they were in when let to the defendant. The defendant, on the contrary, testified, and produced other witnesses to prove, that the sheep when he took them of the plaintiff, were in the same condition, in that regard, as those he returned, and began to drop their lambs in January, and dropped them in February and March. This was uncontradicted by the plaintiff. The contract was that the sheep were to be returned in the same condition as when let.

They were taken to be returned in two years, and if they were returned in the same unfavorable condition as to pregnancy as when received, the contract has not been broken, whatever damages the plaintiff may have sustained by reason of his lambs having come too early for their safety and his profit. The contract, therefore, is not shown to have been broken. But if it had been, the testimony in regard to damages was incompetent and improper. The judgment of the county court and of the justice must therefore be reversed.